[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3084
The plaintiff, Paula Finkeistein, alleges that she fell on the eastbound side of the Stamford Railroad Station because the sidewalk was uneven, which caused her to trip and to sustain personal injuries. The plaintiff sued four defendants, the Connecticut Department of Transportation pursuant to General Statutes § 13-144, the city of Stamford pursuant to General Statutes § 13-149, Metro-North Commuter Railroad Company (Metro-North), and Herbert Kohn, who is described as the "Project Manager for the Transportation Center and Garages for the City of Stamford."
Under the authority of Practice Book § 10-39, the city of Stamford filed motion #107 on behalf of itself and its employee, Kohn, to strike the second count of the complaint which was brought for loss of consortium by the plaintiff's husband, Herbert Finkelstein as to the city, and to strike both counts brought against defendant Kohn.
The motion to strike the second count as to the city of Stamford is granted because a claim of loss of consortium is not permitted in a General Statutes § 13-149 case against a municipality. Sanzone v. Board of Police Commissioners,219 Conn. 179, 198-99, 592 A.2d 912 (1991).
As to the two counts against Kohn, the plaintiff's argue that they are suing Kohn "individually and in his capacity as a servant, agent and/or employee of the City of Stamford." The defendant Kohn, as a municipal employee, may, in theory, be sued by the plaintiff's individually because of General Statutes §52-557n, as interpreted in Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192-93. However, liability of a municipal employee under that statute is limited to those employees performing and breaching ministerial, not discretionary, functions. Id., 194. The plaintiff's contend that the distinction between discretionary and ministerial acts generally is a factual question, but in their complaint of July 15, 1998, the plaintiff's do not allege that Kohn is liable to them because of his negligence in the performance of ministerial duties. Hence, they have not pleaded a cognizable cause of action against a municipal employee under General Statutes §52-557n, and both counts of the complaint are stricken as to Kohn. CT Page 3085
Metro-North has also filed a motion (#103) to strike the complaint on the theory that it was sued under General Statutes § 13a-149, and that the plaintiff's failed to allege that they had complied with the 90-day notice requirement of that statute. In their complaint, the plaintiff's allege that the defendants, including Metro-North, had a "duty to construct, control, operate, repair, and maintain sidewalks located in the Stamford Train Station," and that Metro-North was "negligent" in performing such functions.
The plaintiff's, although alleging that they gave the requisite statutory notice to the Connecticut Department of Transportation and to the city of Stamford, do not claim that they gave any notice to Metro-North. The plaintiff's further contend that they are not suing this defendant under a statute, but rather for common law negligence. In support of its motion to strike, Metro-North, which describes itself as a public benefit corporation incorporated in the state of New York, has not cited any cases which hold that it may not be sued for common law negligence, but only under the defective sidewalk statute, §13a-149. On the other hand, the plaintiff's have cited several cases permitting such a suit under the theory that a railroad is not a municipality.[1] Therefore, Metro-North's motion to strike, including the claim of the husband for loss of consortium, is denied.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of March, 2000.
William B. Lewis, Judge.